UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Juan Marquez,
        Plaintiff

        v.                                    Civil No. 08-cv-522-SM
                                              Opinion No. 2010 DNH 103
George Antilus, Jason Riley,
Ronald Potter, Nicholas Granville,
Vincent Williams, Todd Gordon,
Ryan LeVierge, John Does 1-5, and
Hillsborough County,
        Defendants


**O R D E R**


        Juan Marquez brought suit seeking to recover for injuries he

alleges to be the result of excessive force used against him when

he was a pretrial detainee at the Hillsborough County House of

Corrections ("HCHC").  Specifically, he claims that between June

14 and June 30, 2006, various HCHC correctional officers

repeatedly beat him for no valid reason, and that after those

beatings, they threatened him with future physical harm if he

reported their conduct.  Marquez's sole federal cause of action

(Count VI) is a constitutional claim, brought under the

provisions of 42 U.S.C. § 1983.  Defendants move for summary

judgment on that claim, arguing that Marquez did not exhaust the

administrative remedies available to him before filing suit, as

required by the Prisoner Litigation Reform Act ("PLRA").  Marquez

objects.

42 U.S.C. § 1997(e), as amended by the PLRA, provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007).  Unexhausted claims are subject to dismissal.  See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

Marquez concedes that his federal claim is unexhausted, but contends that it should not be dismissed because various defendants threatened to injure him if he reported their conduct. Those threats, he says, estop defendants from invoking his failure to exhaust as a reason to dismiss his claim.  He further argues that the threats against him constitute a "special circumstance" that justifies his failure to exhaust.

In Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004), the Second Circuit explained that when correctional officers use threats to prevent inmates from pursuing administrative remedies, those threats can: (1) make administrative remedies unavailable,

thus rendering the exhaustion requirement inapplicable, see id. at 686-88; (2) estop any defendant who made such threats from presenting the affirmative defense of failure to exhaust, see id. at 686, 688-89; and (3) serve as a "special circumstance" that justifies an inmate's failure to exhaust, see id. at 686, 689-91.

In support of his invocation of the second and third Hemphill exceptions (but not the first), Marquez has produced some supporting evidence.  First, he testified, in his deposition, that his attorney took photographs of the injuries he claims to have suffered at the hands of HCHC correctional officers.  He also testified that soon after suffering those injuries a correctional officer accused Marquez of ratting him out, and defendants Gordon and Antilus administered another beating in retaliation for his having reported the previous assaults.  (See Pl.'s Obj. to Summ. J., Marquez Dep. (document no. 18-1), at 42-43.)  Marquez also testified that after he complained to a mental health worker about being assaulted by correctional officers, and the mental health worker reported those complaints to defendant Gordon, defendant Granville made a throat-slashing gesture, and several correctional officers beat him up.  (See id. at 90-93.)  Finally, Marquez testified that contemporaneously with one or more of the assaults, defendants

told him: "If you fucking rat on us we're going to kill you."
(Id. at 142.)

In response, defendants have produced no contrary evidence.
Rather, they argue that Marquez's "proffers concerning his
generalized fear of retaliation is subjective and . . .
inconsistent with his own testimony." (Def.'s Reply (document
no. 20), at 2.) Defendants do not address Marquez's deposition
testimony concerning specific acts of retaliation directed at him
for complaining (to his attorney and an HCHC mental health
worker) about the alleged assaults by HCHC correctional officers.

Defendants misconstrue Marquez's objection to summary
judgment as raising the first of the Hemphill exceptions (i.e.,
unavailability), rather than the second and third exceptions
(i.e., estoppel and justification). Then, they argue that the
generalized fear of reprisal Marquez describes falls short of the
"specific and detailed acts of obstruction and intimidation
alleged" in three other cases[1] in which courts have ruled that
threats by correctional officers rendered administrative remedies
unavailable.

---

[1] The opinions on which defendants rely are Hemphill, 380
F.3d at 684, Kaba v. Stepp, 458 F.3d 678 (7th Cir. 2006), and
Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).

4

## Conclusion

Marquez has proffered evidence, uncontradicted by the defendants, sufficient to raise an issue of material fact with respect to whether defendants are estopped from invoking failure to exhaust as a ground for dismissal, and, whether a special circumstance justified his failure to exhaust available administrative remedies.  Accordingly, defendants have not sustained their burden to establish both the absence of a genuinely disputed issue of material fact, and their entitlement to judgment as a matter of law.  The motion for summary judgment (document no. 17) is denied.


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 28, 2010

cc:  Michael J. Sheehan, Esq.
     John A. Curran, Esq.
     Elizabeth L. Hurley, Esq.